UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW D. JONES,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C08-414 RSM<br>(CR04-543 RSM)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

On July 16, 2008, this Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Donohue denying Petitioner's motion to vacate his sentence pursuant to U.S.C. § 2255. (Dkt. #13). Petitioner thereafter filed the instant motion for a certificate of appealability pursuant to 28 U.S.C. § 2253. (Dkt. #17). In order to obtain such a certificate and proceed with an appeal of the denial of a petition for habeas corpus, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)) (emphasis in original).

In the instant case, Petitioner argues that he has made a substantial showing of the denial of two constitutional rights. (*See* Dkt. #22). Petitioner specifically contends that he

ORDER
PAGE - 1

was denied his Fifth Amendment right to due process, and his Sixth Amendment right to effective assistance of counsel. Underlying both arguments is Petitioner's contention that there is new evidence which he discovered immediately prior to his sentencing hearing which demonstrates his innocence. Petitioner claims that his counsel failed to present the new evidence, and therefore the plea agreement he entered into was inherently corrupt. However, Petitioner's arguments are without merit for three primary reasons.

First, Petitioner has not shown any reason to question the validity of his guilty plea. "It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked . . . It is *only* when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984) (emphasis added). A plea is questionable if it was induced by threats, misrepresentations, or false promises. *See Brady v. United States*, 397 U.S. 742, 755 (1970). Here, Petitioner cannot show that any of these circumstances existed at the time of his sentencing. Instead, it is undisputable that Petitioner acknowledged that he had not been pressured into pleading guilty, and that his decision to plead guilty was his alone. (*See* CR04-543 RSM, Dkt. #57 at 14). Petitioner cannot now claim that his statements were false, particularly in light of the fact that he claims that the evidence exonerating him was known to him prior to entering his plea. Petitioner admitted his guilt, apparently with full knowledge of this new evidence, and additionally admitted that he understood and accepted the terms of the plea agreement. Therefore his guilty plea shall stand. *See Blackledge v. Allison*, 4310 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal[.]").

Second, the new evidence that Petitioner contends exonerates him from his wire fraud conviction pertains to the conduct of a third party. This conduct does not impact Petitioner's independent decision to enter a voluntary plea of guilty. Furthermore, the alleged acts of a third party provide Petitioner with a new theory in which to defend the government's charges. They do not, as Petitioner contends, provide him with a basis to overturn the plea agreement.

As Judge Donohue indicated in his R&R, "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to the alternative courses of action." (Dkt. #11 at 8) (citing *Brady*, 397 U.S at 757). Relatedly, Petitioner's arguments with respect to this new evidence are simply a rehash of the arguments that were rejected by this Court when he attempted to withdraw his plea, and again by the Ninth Circuit when he appealed the Court's denial of his motion to withdraw his plea. Indeed, the Ninth Circuit clearly found that Petitioner's "fraudulent appropriation of the funds . . . satisfies the elements of [wire fraud]." *United States v. Jones*, 472 F.3d 1136, 1140 (9th Cir. 2007). Thus, even if the Court assumed as true Petitioner's allegations that a third party made misrepresentations to investors, prosecutors, investigators, and the courts, these allegations do not impact Petitioner's decision to fraudulently appropriate the funds.

Lastly, and with respect to Petitioner's Sixth Amendment ineffective assistance of counsel claim, the Court finds no need to revisit the well-reasoned analysis of Judge Donohue in his R&R. (*See* Dkt. #11 at 8-13). In short, Petitioner has failed to present any evidence which suggests that he received incompetent representation. Petitioner clearly acknowledged during sentencing that he was fully satisfied with the representation he received from counsel. Petitioner also admitted that he had discussed all charges and possible penalties with his counsel, as well as the facts of the case that formed the basis for his conviction. (Dkt. #57 at 5). Under such circumstances, no substantial showing of the denial of a constitutional right can be shown. Petitioner's motion for a certificate of appealability shall be DENIED.

The Clerk is directed to forward a copy of this Order to all counsel of record and to Plaintiff.

DATED this 13th day of February, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE